RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP - 8 2005
DAVID J. MALAND, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

THOMAS H. CLAY#1124123 §
PLAINTIFF, PROSE., §

V. § CIVIL ACTION No. 9:05cv186

CORRECTIONAL MANAGE Health CARE/UTMB, DEFENDANT#(1), §
DR. GLENDA ADAMS, DEFENDANT#(2) §
DR. KOKILA NAIK, DEFENDANT#(3) §
DR. KRISTIN D. McCONNELL, DEFENDANT #(4) §
DR. ANDREW C. SCHNEIDER, DEFENDANT #(5), U.T.M.B. EMPLOYEES, ET AL. §

TH/JKG

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP 08 2005
DAVID J. MALAND, CLERK
BY
DEPUTY

42 U.S.C. 1983 CIVIL COMPLAINT

PUrsuant to Fed.R.Civ.Pro. Rule# 3,5,8,10,11

TO THE HONORABLE DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS, LUFKIN DIVISION.

Now comes, THOMAS H.CLAY#1124123, Plaintiff prose, herein and thereafter styled PLAINTIFF. Who files this **TYPEWRITTEN CIVIL COMPLAINT**, In form Pursuant to Fed,R.Civ.Pro. Rule# 3,4,8,10,11 and would show the said Honorable court the following:

STATEMENT OF JURISDICTION

I.

Plaintiff is currently a Prisoner in the TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION, on the EASTHAM UNIT. At the present in this case, Plaintiff's rights clearly established under the UNITED STATES CONSTITUTION has been violated by the defendants herein who are under the COLOR OF STATE LAW under MUNICIPALITY basis being they are Privately contrated by **TDC-J-ID** to provide adequate medical treatment to Offender on Behalf of it contrator who has a duty to provide such.

II.

The United States District Court of This District is vested with a JURISDICTION TO HEAR ALL CLAIMS alledged herein being such rights that are garrentteed to a Prisoner while incarcerated have been now violated by the Defendants named herein. Those rights being clearly established under the 1st,8th & 14th Amentdments of the consisting of RETALIATION,DELIBERATE INDIFFERENCE & CRUEL AND UNUSUAL PUNISH MENT BY WATON INFLICTION OF PAIN BY NEGLECT and EQUAL PROTECTION OF THE LAW.

III.

The Court has complete JUSTICIEIBILITY IN THIS MATTER under the above mentioned amendments as well as under 42 U.S.C § 1983 section 7(a) of the CIVIL RIGHTS OF INSTITUTIONALIZED PERSONS ACT,being that all the named defendants were notified or put on notice by Completion of the ADMINISTRATIVE STEP 1 & 2 GREIVANCE PROCEDURE,LEGAL NOTICICATION SENT DIRECTLY FIRST CLASS MAIL & THROUGH THE TEXAS BOARD OF MEDICAL EXAMIN ERS complaints process,being TDC has no Athority to INSTRUCT,FORCE or REFER SUGGESTION of Medical matters to Defendants.

IV.

This ampel notice was to procure resolution of all issues to avoid any Litigation and give opprotunity to rectify the wrongdoings,but they have failed to do so dispite their ability to do so. As a result the Plaintiff unneedingly suffered as due to such actions that has caused his medical condition to debilitate and worsen which could have been easily prevented if the rudimentary care warrented for his condition would have been administered adequately and promptly as any fair mind person with the Knowledge,skills and certification to do so would have done as to Plaintiff's obvious and serious medical condition.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 3 of 32

SUMMARY OF COMPLAINT

I.

Since the date after being discharged from John Sealy Hospitial on August 12th,2003 after **THREATENING TO FILE CIVIL SUIT**,Plaintiff was discharged without seeing a Doctor or being given Physical Health restrictions for Serious injury discovered by M.R.I. the defendants were totaly aware of. As a result from such actions, the Plaintiff's injury that he aquired on August 5th,2003 worsened being he was not adequately or completly evaluated as his Medical Chart had refered to be done By a Unknown Doctor who proscribed to be considered a **2nd M.R.I & MYELOGRAM.**

II.

Plaintiff was sent to Estelle Unit after being recomended to be sent to the MICHAEL UNIT. There at Estelle Unit,he was hindered from the access to Medical evaluation by a OFFICER SHAW who refused to obtain a WHEELCHAIR after Plaintiff showed him his swollen legs and Back and stated that he **COULD NOT WALK** and was Brought on a strecher to this room form John Sealy where he was. The Officer stated that MEDICAL STAFF TOLD HIM that **NOTHING WAS WRONG** with Plaintiff and that he can walk.

III.

Without seeing a Doctor by Bedside,Plaintiff was subjected to USE OF FORCE inwhich the same officer would be involved in along with other officers who at that time lifted Plaintiff off medical bed roughly and focefully slamed Plaintiff back first into a Wheelchair. Plaintiff was rolled to a General Population from CRMF medical and saw a P.A. from CORRECTIONAL MANAGE CARE who further condoned the scheme to yet FALSIFY Plaintiff's Condition by stateing Plaintiff would not then Cooperate and that Nothing was wrong,so he was cleared on basis so he would be Placed back in General Population so scheme would presist.

IV.

Thus,the scheme to TEST Plaintiff's claims was actuated to send him to a **SPECIFIC unit Of Eastham**,inwhich **CRUEL AND UNUSUAL SPITE WOULD BE INFLICTED.** Plaintiff's Destination of Michael Unit was Change for the purpose of sending him to a **U.T.M.B. ENCATCHMENT AREA** whcih is the Unit of EASTHAM in where the scheme would be furthered and Plaintiff acess to Federal Relief would INTENTIONALLY BE ABATED being a collborated and calculate effort would evolve with the assistance of the Federal Courts.

V.

From the date of 8/21/03 till the present date,Plaintiff has been yet keeped in a Keeplock special cell area on a three row level despite his inability to walk. Plaintiff's Medical files were FALSEIFIED and information that would not Favor acknowledgment of Plaintiff Injury was implemented into his file for the purpose of a DEFENSE for any furture litigation that would be filed. As a result of such informat ion implemented by **CORRECTIONAL MANAGE CARE STAFF** of UTMB,the scheme was devloped by Planed tactical calculation to use CHEMICAL AGENTS and MAJOR USE OF FORCE to **COERCE** Plaintiff to preform task of Standing and walking which his condition would not allow.

VI.

Even after visual observation of Plaintiff obvious injury,UNNECESSARY MAJOR USES OF FORCE would be actuated from **SEPTEMBER 11,th2003 to the year of 2004** on the dates of 6 times during this time which **SERVERELY** reijured Plaintiff, These injuries **WERE NOT EVALUATED** even after redu ndant request for emergency medical treatment. Plaintiff was refused to incorperate his **FREE WORLDS MEDICAL FILE** that showed he had needed surgery for his lower back before incarceration inwhich no type compa reison was done to such information. After aquireing NUMEROUS reinjur ies by TDC staff who inflicted such with assistance of **CMC/UTMB**,the Plaintiff condition worsened and axcerbated back injury even more.

VII.

EVen after Correctional Manage care Staff seeing the great possibility that Plaintiff's condition was serious by external factors such as ATROPHY,SWEELING OF LOWER BACK AND FEET and complaints of the yet still exsistance of inability to stand and walk,the Plaintiff was yet Neglected due to the Fact he was presueing Litigation on The University of Texas Medical Branch. The correctional Manage Care staff did seek with due diligence to avoid implementing **ANY MEDICAL INFORMTION IN MEDICAL FILE of the Plaintiff**,so there would be no evidence of a GENUEINE MATIRIAL FACT of the obvious condition.

VIII.

Plaintiff requested and also his family,that the Plaintiff be evaluated to sergury and seen for injuries sustained from USES OF FORCE in which no doctor ever saw or treated him for. Such was deliberately negelected to keep such information that would be devuldge by such test,out of the picture which would be in Plaintiff's favor in the Courts and Course of Litigation. Defefendants sought effortlessly to cover up all and any information that would point to indications that Plaintiff was trutful concerning his inability to walk caused by the Injuries sustained in the **SIX(6) MAJOR USES OF FORCE WITH CHEMICAL AGENTS**,mostly done during the time of Transfer to Federal Court.

IX.

In all summararily,Plaintiff has been **DELIBERATLY NEGLECTED** in a yet DISSIMULATED RETALIATION for his presuit of Litigation for violation of his right to recive adequate and meaninful medical treatment before his condition worsened. Plaintif sought outside intervention of a State Congress represenative,which inturn,only made defendants attempt to **PLUG THE HOLES** inorder to keepout Favorable information of any sort of Obvious Condition. Even Meaningless treatments prescribed were not given as documented in Medical files,and has caused Plaintiff to yet suffer unnecessarialy.

CAPAACITY OF DEFENDANTS

CORRECTIONAL MANAGE Health CARE/U.T.M.B. -Is being sued in a **MUNICIPALITY** capacity under the color of State Law.

DR. GLENDA ADAMS-Is being sued in a **INDIVIDUAL & OFFICIAL** Capacity being under the color of State law.

DR. KOKILA KAIK-Is being sued in a **INDIVIDUAL & OFFICIAL** capacity being under the color of State Law.

**DR. KRISTIN D. McCONNELL -Is** being sued in a **INDIVIDUAL & OFFICIAL** Capacity being under the color of State Law.

DR. ANDREW C. SCHNIDER-Is being sued in a **INDIVIDUAL & OFFICIAL** Capacity being under the Color of State Law.

LOCATION OF DEFENDANTS

CORRECTIONAL MANAGE Health CARE/U.T.M.B.-301 University Bivd. RT 1007 Galveston,Texas 77550-1007.

DR. GLENDA ADAMS-Estelle Unit/CMRF(Office#4)·264 FM 3478·Huntsville ,Texas 77320-#3322.

DR. KOKILA NAIK-Estelle Unit/PT-Room 2ndFloor·264 FM 3478 HUNTSVILLE ,Texas 77320-3322

DR. KRISTIN D McCONNELL-Hospitial Galveston·P.O. BOX 48 Sub St.1 Gal veston,Texas 77550

DR. ANDREW C. SCHNEIDER-HOSPITIAL GALVESTON·P.O. BOX 48 Sub st. 1· Galveston,Texas 77550.

STATEMENT OF CLAIMS

CLAIM I.

Plaintiff Claims that his right to be free from **RETALIATION** has been violated by defendants,after the Plaintiff made Premenition by state ing he would presue Litigation for not being allowed to signe forms in order to obtain freeworld medical information,so a comparison can be made with newly aquired information of New Injury. After that,the Dfendants failed to administer rudimentary treatment also as a means

Case 9:05-cv-00188-TH-JKG Document 1 Filed 09/08/2005 Page 7 of 32

of retaliation. Defendants further assisted TDC-J-ID in actuateing a retaliation by PROXY,by stateing that No reason exsisted that showed Plaintiff could not walk reguardless of the fact that Plaintiff had been in 6 **six MAJOR USES OF FORCE INCIDENTS** were he was seriously injured. Staff of Defendants Falsified all complaints of injuries to further the scheme and Plaintiff was NEVER evaluated by any doctor after any of the incidents for his inability to walk from the time of January to december in 2004 stricly for his fileing of Griecances and Complaints of medical neglect and neglect of treating condition as prescribed befor incarceration.**(U.S. Const.Amend. 1).**

CLAIM II.

Plaintiff claims that the Defendants and private contractors of the Defendants TDC-J-ID,**KNEW** of Plaintiff condition and failed to rule out by scientifical testing of conditions AFTER reinjuries sustained in the Course of **SIX(6) MAJOR USES OF FORCE and** thereby doing so, subjected the Plaintiff to **cruel and unusual punishment** being that they **KNEW** Plaintiff faceed a substiantial risk of further harm by not being in a medical unit or providing wheelchair,and totaly then **DISREGUARDED** that risk by **failing to take reasonaable measures to abate further injury. (U.S. Const. Amend 8th)**

The degree of care was in conflict with competing administrative type concerns. This is because the Plaintiff's medication was DISCONTINUED and REDUCED to a point to where not even given at all even after then being recomended,caused by intentional denial by CMC Defendants without supervision of a Licenced doctor of by a Doctors orderds. These actions caused **UNNECCESSARY and waton infliction of Pain.** The defendants then **[PURPOSEFULLY IGNORED]** and failed to respond to Plaintiff's complaint of extreme pain causeing him to be unable to stand or walk and avoided previously prescribed medical needs of **SURGERY** as was recomended before Plaintiffs incarceration.**(U.S. Const. Amend. 8th)**

Case 9:05-cv-00188-TH-JKG Document 1 Filed 09/08/2005 Page 8 of 32

Plaintiff's serious need for medical attention for injury was one that ~~any reasonable Doctor or Paitent would find worthy of comment and in~~ very important need for such treatment of surgery. This is being that the presense of **OBVIOUS PHYSICAL INDICATIONS** where ones that have now and continue to **SIGNIFICANTLY EFFECT THE PLAINTIFF"S DAILY ACT IVITIES** as well as creating the constant exsistance of **CHRONIC PAIN** and **substiantial pain** that has made Plaintiff be **UNABLE TO STAND OR WALK.(U.S. Const. Amend. 8th)**

Plaintiff has suffered from residual spastic partial paralysis in his lower extremeities due to **REINJURIES IN USES OF FORCE** calculated to test plaintiff's claims and coerce him to preform task impossible of mobility without assistance of wheelchair. These injuries resulting to nerve damage that have contributed to his inability to walk. The record will reveal that the nature of the Defendants response constit utes DELIBERATE INDIFFERENCE to condition,pain,damage caused by delay and neglect,excessive unnecessary waton use of force,delay in backbra ce and WEELCHAIR and medical shoes as well as **EVALUATION FOR SERGURY** constitutes such **Deliberate indifference.(U.S. Const. amend 8th)**

**Defendants** knew of such injury and that possibility of injury could occur if subjected to such treatment,but still **APPROVED & RENDERED** the actuation of uses of force so TDC would be allowed to inflict **WATON AND GRATUTIOUS PAIN** on Plaintiff at the Placment in sittuations calculated by TDC to coerce Plaintiff to walk despite being obvious he could not,and subject him to punishment as consequence for not doing so. The issue of fact as to whether a Wheelchair and sergery evaluation was timely provided and Plaintiff was allowed it's **USE** until need for **surgery,inability to walk was resolved.** To **DENY**the use of a WHEELCHAIR to someone as Plaintiff who has a obvious condition and obvious injury, and who lacked **MOBILITY WITHOUT SUCH**,has constituted deliberate indiff erence to Plaintif's serious medical need.**(U.S. Const.Amend. 8th).**

CLAIM III.

~~The Defendants knowledge of this **substiantial risk** to the Plaintiff's~~ health can also be infeered from the very fact that **the risk of being further harmed if such uses of force occcurd was OBVIOUS.** All Circum staintial proof of Plaintiff's DETERIORATING condition is basicly yet shown through exsisting conditions of SWOLLEN FEET AND LEGS,WEAKNESS IN MUSCLES caused by inability to walk for **2 years straight** as well as swollen lower back that caused pain in arms as well and also weight loss. The defendants **can not** escape this liability even if the eveide nce showed that they merely **REFUSED TO VERIFY THE UNDERLYING FACTS,** that were strongly suspected to be true or declined to confirm such inferences of a further risk that they strongly suspected to exsist, being others who had similar problems as Plaintiff were not treated in the same manner as Plaintiff but given the correct treatment by defendants or recommnedations for treatments.**(U.S. Const.Amend. 14th)**

Defendants failure to provide adequate evealuation and recommendation for housing in accordance with his condition inorder to provide the access to medically equiped showers,instead of leaving Plaintif to be forceded to bath out of a **TOILET** without hot water in times of **WINTER** JUST TO STAY CLEAN. Or the provide Plaintiff to be Placed on a unit to where he could be at least allowed to recive **OUTSIDE SUNLIGHT & FRESH AIR** and **PHYSICAL THERAPY** as was alternative meaningless treatment that was **NEVER PROVIDED.** Thus violating the **Rehabilitation Act and in Title II of the ADA** being that they have DISCRIMINATED AGAINST the Plaintiff per Policy by not allowing Plaintiff to submit medical type information concerning his need for surgery and there was no reason for such policy as to prevent inclusion of information that could have easily been verified with a phone call or fax inwhcich documentation gave the numbers to those rendering such determinations. Therefore, Failing to provide recomended treatment was discremanative. **(US Const Amend. 14).**

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 10 of 32

## STATEMENT OF FACTS

I.

Plaintiff states that it is a fact that prior to his incarceration he had been recommended for sergury for a lower back condition,but was a sergical candidate for such after evaluation by a Dr. Pete E. Garcia. Upon entry to TDC Plaintiff made this fact known to Medical staff of CORRECTIONAL MANAGE CARE/U.T.M.B. ON 10/16/02. Plaintiff was not allowed to bring his walking cane per County Jail policy and sought to obtain such from TDC contracted Medical provider of **CORRECTIONAL MANAGE CARE/U.T.M.B. but was denied.**

II.

Plaintiff started experianceing reoccurances of pain symdromes then after being pushed in the back by a officer Named Young on Coffield Unit without prevoction. Correctional Manage Helth Care Staff named Defore sought to cover for the Correctional officer by declaring that nothing was wrong with Plaintiff. Plaintiff was denied to see a Doct or on such condition of pain he sustained as a result of wiplashed effect the forcefull unexpected push from behind had.

III.

Plaintiff was later transfered on a **HARDSHIP TRANSFER** after such being approved due to his Parents being in such unstable and unhealty type condition with disabilities that made travel for such distance to the Coffield Unit impossible. After arriveing at the Mc Connell Unit, The Plaintiff realized that his restrictions were taken on the cofield Unit and he was subjected to being placed back on a **TOP BUNK.** Plainti ff statrted having difficulty caused by the activity of geting up and down from the top Bunk which inflamed his lower back condition to a Point to where he sought medical attention. Plaintiff signed relese forms to obtain **FREEWORLD MEDICAL FILE** that showed he had a serious condition requiering surgery after being hit head on by drunk driver.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 11 of 32

IV.

Plaintiff was prescribed by a P.A. Trottta mild pain relief and a anti-inflamatory INDOMICITHINE & SOLSALATE. Plaintiff took over the amount recommended being his pain was increaseing. Plaintiff then resubmitted to see CORRECTIONAL MANAGE CARE STAFF of U.T.M.B agian and also sought to request tempporay lower bunk restrictions and a one row restriction being that walking up stairs and getting up and down from the top bunk started causeing extreme pain in lower back of Plaintiff.

V.

During the days of August,2,3,4th,2003,the Plaintiff's pains did confine him to his bunk and limited his ability to even go to the dinning hall or to recreation. The following morning of the date of August 5th,2003,Plaintiff had shortly finished doing his salat prayer and proceded to climb on to the top Bunk as Plaintiff did get into bunk,he felt a sharp pain rip through his lower back and instantly felt as if he had to use the restroom to urinate bad. As tha Plaintiff proceeded to get back down,immediately his legs gave out once heplaced on foot on the table and attempted to place the other foot on the stool while still holding the bunk.

VI.

Plaintiff instantly hit his back on the table and layed on the hard cell floor at 6:45 in the morning shortly before shift change. This was the time Plaintiff was unable to stand or walk. There after,the Plaintiff was sent to Beeville hospitail and then to John Sealy 2 days later. On the date of 8/10/03 a M.R.I. was conducted. During the stay at John sealy Plaintiff made complaints of not reciveing his medically ordered diet appearant in his medical file and had a confrontation with a Female Guard when he asked why he could not yet recive the proper meal Tray on Computer. Plaintiff Threatened to file a Grievance.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 12 of 32

VII.

Thereafter the Correctional manage care staff came and asked Plaintiff what unit he was on. Plaintiff told her Mrs.Julie (Doe),that he was on the McConnell Unit in Beville. Plaintiff also asked why and she then stated that the Plaintiff was being DISCHARGED.Plaintiff asked how can he be discharged without seeing a Doctor about his condition and the nerve test ordered. The CMC-Staff left and a Interm Kristian D. McCon nell came in and told the Plaintiff,"THE ONLY REASON YOU CANT WALK IS BECAUSE YOU DON'T WANT TO WALK!". Plaintiff asked her who was dischar geing him but she turned and walked out of the medical holding cell room.

VIII.

Less than a 2 Hour Period had passed and a two person TDC-EMS team came to the location of the Plaintiff and lifted Plaintiff onto a strecher and rolled him out of the hospital holding room. Plaintiff was sent to the **ESTELLE HOSPITAIL** and placed in a medical holding cell due to the Fact thet the intake reciveing informed the Plaintif that his computer showed he was still at John Sealy and no one informed him of the Plaintiff's arrival. Unable to walk or stand the Plaintiff sat laying in the bed there TWO DYAS. On August 14th,2003, a Officer came to Plaintiff's cell and asked if he would go to the doctor who wanted to see him.

IX.

Plaintiff informed the Officer **SHAW** that he could NOT WALK. The Officer then told Plaintiff that "MEDICAL SAYS YOU CAN WALK AND NOTHING IS WRONG WITH YOU!". Plaintiff showed the officer his legs and requested a wheelchair. The officer told the Plaintiff,"IF YOU DO NOT WALK YOU DO NOT GO,I AM ONLY GOING BY WHAY THEY HAVE TOLD ME TO TELL YOU!". The officer Left and Plaintiff was hindered and denied to see a Doctor. A short while later, 4 Officers and a Captain Hosa came with **VIDEO CAMRA.**

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 13 of 32

X.

Plaintiff was roughly handled by the Two officers of which one was officer **SHAW.** They lifted Plaintiff and tried to force him to then stand and when they saw he could not brought a wheelchair and slamed Plaintiff forcefully into the chair but would not bring the wheelchair when Plaintiff needed to see the doctor and requested such. Then the Plaintiff was taken to solitary holding.Then the next day the Layin was gave for classification on 8/15/03 and Plaintiff was classified on the Estelle Unit. Plaintiff was approached by a classification officer and told that they did not request that Plaintiff be placed on the estelle unit and knew of his litigous history and threats to file law suits.

XI.

The classification Officer instructed Plaintiff to be placed in the solitary transit cell 101A until Monday came. When Monday came,the officer came to the Plaintiff's cell for a Chain transfer. The Plaintiff told the officers that he could not walk and the officers retrived a wheelchair and assisted Plaintiff into it and rolled him to a van that was parked by the solitary wings back door. Plaintiff was assisted onto the van and sent to the Eastham Unit. Once there, Plaintiff a asked the Nurse who was a male nurse**JOSE AGULARIE** what his medical file stated about his condition being he could not walk.

XII.

The NUrse told Plaintiff that his filed was not his original file and that the one sent stated that NOTHING WAS WRONG AT ALL with Plaintiff. Plaintiff tried to show a P.A. **ROBERT YOUNG** who declined to look at a **SWOLLEN LUMP** on th Plaintiff's lower back where injury was discovered at John sealy. The P.A. **YOUNG** ignored Plaintiff's complaints of pain and sent Plaintiff away stateing that he only GOES BY WHAT THEY TOLD HIM and what his file states.Plaintiff was rolled to the Eastham **SOC** for Classification hearing.

XIII.

~~Plaintiff was sent in front of a Classification committee of TDC~~ staff of a MR.**FIZZELL,ASST. WARDEN GARY A. WAKEFIELD & T.BUTLER &** a female **UNKNOWN.** Plaintiff informed the assistant Warden **WAKEFIELD** that the reason he was in a wheelchair was because he could not walk and was discharged from John Sealy in Retaliation for claiming to file a Civil Suit. The asst. Warden got on the Phone and called a UNKNOWN person at Hunstsville **CLASSIFICATION CENTRAL DOWNTOWN** and asked why the plaintiff was sent in thiscondition to the EASTHM Unit at that time. Someone held him silent talking to him on the Phone as to Plaintiff's sittuation and Plans for a later date.

XIV.

Plaintiff only recalledsthe Asst. Warden gary wakefield stateing before getting off the phone,"WE, WHAT DO YOU WANT ME TO DO,PULL THE WHEELCHA IR OUT FROM UNDER HIM?","I AM NOT GOING TO FACE REPERCUSSIONS OF SUCH AND YOU KNOW WHAT CAN HAPPEN!". at that point the Phone was hung up an Plaintiff was asked to step out of the room for a moment. Plaintiff rolled himself out and waited and was called back in in about(5)five minutes. Plaintiff was told that he would be Placed on Transit status until further notice. Plaintiff was rolled back to the holding area.

XV.

About a Hour later a Feild officer named **KURSIH** came to wheel the siad Plaintiff to **GENERAL POPULATION K-LINE 1 row.** Once Plaintiff got to the cell he had realized that he was assigned to the top bunk,his cell mate at the time **MR. SMITH** assisted Plaintiff into the cell along with the officer **KURISH.** Plaintiff told Mr. Smith his sittustion and showed him the swollen lump on the Plaintiff's back on lower area. The day Plaintiff was Placed in the cell he was told that a wheelchair would be brought to assist him to the chow hall and pill window or such of the Medication would be brought to him at those times administered.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 15 of 32

XVI.

Plaintiff was not given any assistance nor was he allowed to recive any food of breakfast lunch or dinner on 8/21/03, nor was any medication brough as was said. The TDC Staff had devised a Scheme to Place the Plaintiff in a sittation to test his claims and used **FOOD** as a form of insentive as to if he did not walk to the chow hall he would not eat. The Plaintiff requested to be taken to the clinic and to recive a Jhonny sack lunch at least being he had ate nothing since leaving Estelle unit on 8/20/03. Being that no one paid Plaintiff any attention so Plaintiff was forced to crawl out on the run and request medical treatment and food.

XVII.

Plaintiff was taken to the Unit infirmary by a Lieutenant **ENGLISH & sergent GRAY.** Plaintiff was told that **NO CORRECTIONAL MANAGE CARE** is on the unit after 6:00Pm every day despite the TDC Policy stateing that Medical Personel will be on Unit **24 hours a day.** A offender at that time was also being taken to to the Trinity vally hospital due to asthma problems, but the Plaintiff was informed by a **Sgt. GRAY that** He called a nurse Mrs. **Porter** who informed the Sergent to yet Place Plaintiff on the morning layin appointment walkin list and that she was familiar with the Plaintiff's case and knew what he complained of.

XVIII.

Plaintiff was taken back to the cell and told that he would be seen in the morning and at 8:00 am he would be escourted to the infirmary to see a Dr. **Glenda Adams** on **8/22/03.** On that day in the morning yet before 8:00am, Plaintiff asked a doctor be called in the infirmary to be informed that Plaintiff had a appointment and that he could not stand or walk. The officer procrastinated and Plaintiff had no choice but to slid out on the run in hopes to be taken to the Eastham Clinic for his scheduled appointment.

XIX.

Plaintiff was then asked to go back in his cell but he told officers that he had been asking to be taken to the clinic for his medical appointment and that policy 6.07 stated that nothing can hinder access to such. The officer called ranking supervisors. A Captain Calvin C. Tucker came to the K-Line Door but did not come in. A Lieutenant **Blake lamb**(now a Captain) came to talk to Plaintiff. the Lt.**Lamb** **stated** that Captain **TUCKER** INSTRUCTED HIM TO TAKE Plaintiff to **PHD** Holding but the Plaintiiff thought he was being taken to see the doctor he was told he would see the day before.

XX.

Plaintiff was taken to the infirmary but only to get **CLEARED FOR PHD** AS required by policy. When Plaintiff was there,a nurse **GENGER GALLOW AY** unnecessarily **compressed** Plainitff's spine causeing him great pain when pushing his head and asked did such hurt. The **P.A ROBERT YOUNG** THEN WITHOUT EXAMINING Plaintiff,told officers nothing was wrong at all with Plaintff and he was clear for **PHD.** Plaintiff was taken to PHD and Placed in D-1-8 CELL actually ADMINISTRATTIVE SEGRAGATION. The Plaintiff was **STRIPED NAKED** and placed in the cell with no mattress, blanket,sheets or clothes as to Punish Plaintiff arbitrarialy. The Plaintiff stayed there until **9/11/03.**

XXI.

On that date Plaintiff was Taken by**(4)** **Man use of force team** to the **SPECIAL CELL RESTRICTION AREA** and Placed in 18 Cell. At 8:00PM the Plaintff slid out on the run and requested to see a medical staff aft er he was **DENIED** in **PHD** to be taken to see a Doctor or be allowed to be taken in a Wheelchair but was denied acces to medical appointment at the ordereds of **ROBERT YOUNG** who said if Plaintiff did not walk he would be written as refusing the appointment. so Plaintiff attempted to obtain Medical Treatment which was needed after being **DROPED on his back** While being taken to J-3-18.

XXII.

On that date of 9/11/03,Plaintiff was approached by a Lieutenant Named **AMIN ROSADO** who used MAJOR FORCE on the Plaintiff by **JERKING BOTH LEGS AND DRAGING PLAINTIFF INTO 18 CELL AND DROPING LOWER BACK IN SLAMING MANNER IN WATON AND SADICTIC WAY FOR THE PURPOSE OF CAUSEING HARM AN BROKE CELLMATES FAN BY SLAMING PLAINTIFF'S BACK ON IT.** Plaintiff did fill out a request to be seen by Medical and recieved a Layin for a sickcall to be seen for injuries on 9/15/03. Plaintiff was agian then assualted by TDC staff causeing more injury on that day also that was done by a **Lieutenant MARK HANLEY.**

XXIII.

Plaintiff on the date of 9/15/03 attempted to go to layin by sliding out on run being he could not walk casued by pinched nerve sustained when slamed on cellmated fan on floor. When the Plaintiff told the Segragation officers **Goyens & Young** he could not walk they told him to go back in the cell and they would get a wheelchair and bring it up to three row. Being Plaintiff was familar with only a ranking of Sergent or above could approve such Plaintiff refused and ask rank be called to J-line three row where he was sitting in fron to 16 cell.

XXIV.

Five minutes after that a Segragation sergent came named **JAMES REECE** and was followed by a sergent **DEBORA DENBY.** They refused to touch the Plaintiff because they were AD-Seg. and Plaintiff ws General Populat ion status. After that ,The seg officer radioed and called a Lieuten ant **MARK HANLEY.** As soon as he came to Three row he threatened to yet harm Plaintiff by assualting him and Plaintiff stated that he should not touch him unless a camra was present. The Lieutenat stated he did not need a camra and steped on Plaintiffs left hand and pointed his finger in Plaintiff face and then started trying to **DRAG PLAINTIFF BY THE SHIRT COLLAR.** Plaintiff's Legs became stuck in the cell bars as this transpired.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 18 of 32

XXV.

The **LT. HANLEY** started to kick Plaintiff in the lower back and legs because he did not realize Plaintiff could not walk and was stuck. The **SEG. OFFICER YOUNG** assited in this assualt and **HIT PLAINTIFF IN THE LEFT EYE BREAKING PLAINTIFF'S GLASSES.** The segragation officer YOUNG also kneed the Plaintiff in the back and head and the Plaintiff became dazed from the blow and layed between the cell door of 18 cell. The seg Officer Young and Lt hanley used there bootts to push the Plaintiff back in the cell and then closed the Plaintiff's fingers in the cell door. This was done in a **MALACIOUS AND SADISTIC MANNER FOR THE PURPOSE OF CAUSEING HARM.**

XXVI.

Plaintiff put in sick calls and was not seen at all. On October 13th the eastham unit finaly recived a Unit doctor who was sent for the purpose of falsifying the medical records of Plaintiff and to place a notation that would not support Plaintiffs condition and would not examine his Lower back area. The Dr. **BETTY WILLIAMS** did violate the rights of Plaintiff by **STICKING HER FINGER IN PLAINTIFF'S ANIUS YET WITHUOT CONCENT OR WARNING.** This foundated the actions of TDC staff to actuate force on Plaintiff because She stated that **NOTHING WAS AT ALL WRONG WITH Plaintiff.**

XXVII.

Thereafter on **1/16/04**,an plan was devised to calculate a MAJOR USE OF FORCE on Plaintiff by use of chemical agents by Placeing Plaintiff in a Position to either **WALK & STAND** or face being sprayed and assulted by a five man team that would use any means to restrain Plaintiff if he resisted of not. On that date a **Lt LEE MARTINEZ** came and told the Plaintif that he was ordered to Place Plaintiff in **NORTH SEG/PHD.** The Plaintiff showed the Lieutenant Martinez both **LARGELY SWOLLEN LEGS** an told the Lieutenat that he could not walk due to untreated lower back injury.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 19 of 32

XXVIII.

The Lieutenant left and returned with four segragation officers a female with a camra to video the move,and a **SGT. CURTIS BRIDGES, who saw the Plaintiff's condition also.** The Plaintiff asked why he was being Placed in PHD and was told the Warden **WAKEFIELD** ordered the Plaintiff's Placement there. Plaintiff was assisted into the whee lchair and rolled to the stair well and carried down to one row by the officers while the Female officer recorded with the vedio camra. The Plaintiff was taken to **8 cell** when he arrived and rolled in and told to get out of the wheelchair.

XXIX.

On the date of Placement 1/16/04,Plaintiff noticed what seemed to resemble a **HIDDEN CAMRA** at the top of the cell. Plaintiff also did find wire clipings consistant with instalment of such type of device from past expericnce of instaling such devices. Plaintiff tested if it was a camra and threw a paper wade to cover the small whole on the cover to see if anyone would come look up at his celling to see what was blocking it. As Plaintiff suspected,a **Sgt. BRIDGES** came and looked up but tried to avoid being detected but Plaintiff questioned him about such and he refused to respond.

XXX.

The next Month shortly after plaintiff's suit was arbitrarily dismiss on improper grounds,the scheme was actuated as Planed. The same Lieut enat who prought Plaintiff to the **PHD CELL** came and told the Plaintiff that if he did not **STAND UP AND PREFORM A STRIP SEARCH** chemical agent was going to be used. Plaintiff told him he was retaliating and he did agree and walked of. About a hour passed and the shift changed and he came back with a nurse **GENGER GALLOWAY OF CMC/UTMB** and also a**SERGENT C. BRIDGES** who had a gas mask on also as he had. Plaintiff proclaimed that he could not stand and he was injured. The TDC Staff and NUrse proclaimed **medical stated nothing was wrong with Plaintiff.**

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 20 of 32

XXXI.

The Plaintiff was orderd by the same Lieutenant who used a Wheelchair to bring him on 1/16/04 who saw the Plaintiff's obvious condition to stand up and preform a strip search and be hand cuffed. The Plaintiff stated that his condition was sever and he could not due to pinched nerve in lower back and hip area. Immediately, **Lt.MARTINEZ** ordered **SGT. CURTIS BRIDGES** to spray plaintiff without justification of a reason and never applying any **LESSER MENAS FIRST.** This was done to **COERCE** the Plaintiff to walk or be punished. This was done in a **MALACIOUS AND SADISTIC MANNER FOR THE PURPOSE OF CAUSEING HARM AND GRATITIOUS INFLICTION OF PAIN** caused bey chemical agents.

XXXII.

During this incident,a total amount of **9.7oz.** was used. Plaintiff did tie the door **DURING THE INCIDENT** but had been sprayed **TWICE** before such barricade was noticed. The Plaintiff was sprayed with excessive and uneccesary amount that he passed out unconcious. After regaining his Conciousness,plaintiff realized a sharppain in his lower back and could not feel his legs. The Plaintiff could not see due to chemical haveing a blinding effect. Plaintiff remebers that he had a **MUSCLE SPAZIM** that caused pain and made him raise upward from the position he was in.

XXXIII.

Plaintiff was rigeriously handled and suffered loss of feeling in his legs at the time and such remained in right leg after a three day period had passed. Plaintiff was Placed in J-3-15 cell by him self. Thereafter the Plaintiff requested to see medical and was not taken to the infirmary. On 2/27/04, the same tactic would be tried agian while Plaintiff was on special cell restriction as before. This time a excuse that Plaintiff tied the door would be used in falsifying the use of force papers. A **Major B. HIRSCH** ordered that if the Plaint iff did not move to TWO row 8c ell,that Chemicals could be used.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 21 of 32

XXXIV.

On that date a **Lt. JOHNNY ENGLISH** came with a **SGT. JEFFERIES,B.** , to the Plaintiff's cell. The officer holding the camra **INTENTIONALLY** did not view the whole cell or keep plaintiff in view nor face the cell as required to record the use of force being Plans to harm the Plaintiff would occur and the recording would be evidence as to such MALICIOUS AND WATON acts that it would clearly show the intent was to do so. The Plaintiff informed the Lieutenat that he was not off special cell and that he could not come of being he had a three inch beard since september 2003 and that the Policy does not allow any offender to be in population unlessed shaved.

XXXV.

Plaintiff was sprayed by a **SGT. B. JEFFERIES** in excess ampont of 11.½oz. of chemical agents. The Plaintiff tried to slide out on the run on his belly when the door obened being he could not breath and was bllinded. When he did so a Officer of Sergent Jefferies **JUMPED ON THE PlANTIFF'S LOWER BACK AND TWISTED PLAINTIFF'S RIGHT ARM IN A MANNER WATONLY DISLOCATING IT CAUSEING IT TO GOLIMP.** The Other set of Officers of the team also followed and pounced and walked on the Plaintiff's back and legs being he was halfway in and out of the cell.

XXXVI.

Plaintiff was taken to PHD agian and left **injured** and in extreme pain in 17 cell. Plaintiff was yelling he needed to go to the hospital and his back and arm were injured. **CORRECTIONAL MANAGE CARE STAFF GINGER GALLOWAY AGIAN WROTE NOTHING WAS WRONG WITH PLAINTIFF IN HIS FILES.** Five days later Plaintiff was taken back to Special cell area to cell 14 and Placed there but no chemical agents were used at all and the corect procedure followed by a Lt. Crowley and a Four man team that carried Plaintiff in wheelchair from North segragation to J-line 14 cell three row. Plaintiff injured himself by falling but was not seen after trying to get out of Chair onto bunk.

XXXVII.

Thereafter the Plaintiff filed suit on the violations and was not approaced in the same manner as before. Then on the date of 9/23/04 The Plaintiff was scheduled to be transfered to Michael Unit for a Federal Court Spears hearing. On the date of 9/22/04 the Plaintiff was sent to the **HUNTSVILLE UNIT** where a Lieutenant **Thompson** did use **EXCESSIVE UNNECESSARY FORCE** then reinjruing the Plaintiff's Lower back himself and also allowing a five man team to injur Plaintiff when taking him to Segragation without reason or justification. Plaintiff saw a Nurse who verified the **SWOLLEN LUMP** on the lower back of Plaintiff and scheduled him to see the P.A. that morning.

XXXVIII.

The following morming Plaintiff was Sprayed by a Lieutenant **and was** injured during the course of the use of force. Plaintiff was taken in a condition still contaminated over 190 miles. Plaintiff filled out sick call request to see **CORRECTIONAL MANAGE CARE** staff at the Michael Unit and was **DENIED** to see them because the refused to see Plaintiff by instruction of TDC Staff in Violation of Policy 6.07. Plaintiff was sent back to Eastham and attempted to see Correctional Manage Cre Staff there and was **ALSO DENIED**. Plaintiff was taken back to his cell left in pain even after a Nurse recommended that Plaintiff be brought to Clinic but TDC staff denied such.

XXXIX.

On the Date of December 17th,2004 in route to Federal Court a day before transfere. The Lieutenant whos assulted Plaintiff on 9/15/03 retaliated on Plaintiff for writting a grievance on him for that ince dent and also for taking legal documents at the time being transdfered on 9/22/04. On 12/16/04,**Lt. MARK HANLEY** ordered a **SGT.MORGAN** to spray Plaintff only to confescate **LEGAL DOCUMENTS** the day before the set time of transfere on the 17th,2004. Thereafter,Plaintiff was then sprayed agian on departure from Huntsville unit.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 23 of 32

XL.

On 12/20/04 **WATON AND EXCESSIVE FORCE** was used by TDC staff agian reinjuring Plaintiff. Plaintiff was **DENIED ACCESS TO COURTS** by being placed on the wrong unit and then denied access to a wheelchair at the time of being denied to be transported. Plaintiff Was then returned after the plan to cause a cancelation was acheived by hindering him to be Placed in the custody of U.S MARSHALS as was **COURT ORDERED.** The Plaintiff brought back to Hunts ville unit on 12/27/04 and was then transported back to Eastham unit on 12/28/04 and was then agian sprayed and ijnured by TDC staff in Use of Force.

XLI.

Plaintiff requested to see the CORRECTIONAL MANAGE HELTH CARE STAFF and a Nures recommended such upon his arrival,but he was not allowed to be taken to the Clinic because TDC ranking staff refused to do so. All these incedents Plaintiff was never seen for his injuries that caused his condiytion to rapidly dertiriorate and debilitate more. It is a Fact that Plaintiff sent request for a U.S. **CONGRESS REPRESENTAT IVE SOLOMON P. ORTIZ** to obtain copies of Medical records and ask if Plaintiff could recive the surgery that was recommended or to at least be **EVALUATED** for such. The CORRECTIONAL MANAGE CARE IN HASTE sought to **PLUG HOLES** that would leak favorable information into the files of Plaintiff.

XLII.

Plaintiff,**WITHOUT SICK CALL REQUEST SUBMITTED**,was approached by the same Lt. Martinez on **MRACH 29th,2005**,and asked if he wanted to go to medical department. The **OUTSIDE** inquiery promted the **CORRECTIONAL MAN AGE CARE STAFF** to send a **DR. GLENDA ADAMS** to see Plaintiff in the Clinic at EASTHAM UNIT. Plaintiff was Placed in a Wheelchair after being carried on a backboard to the J-Line one row. When the Plaintiff saw Her she **immediately** noticed that his legs were swollen as also his feet and noted the muscle weakness of his condition.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 24 of 32

XLIII.

Plaintiff clearly explained that the USES OF FORCE had reinjured his **UNTREATED BACK INJURY NEGLECTED BY DR. KRISTIN D. McCONNELL and DR. ANDREW C. SCHINDER** to be treated properly after he threatened to file suit for not treating him properly or evaluating for surgery. There at the time of informing dr.Adams,Plaintiff requested her to Please schedule him for **MYELOGRAM & CT SCAN being he had not had such scientific test done after any of the 6 major uses of force that had cause** Him to sustain more injuries. **Dr. GLENDA ADAMS** out right said **"NO!"** and said that she was finished with Plaintiff after Plaintiff stated that every thing she had stated seemed as if for a **LEGAL DEFENSE** and to Cover up any favorable information that supported Plaintiff's yet obvious condition.

XLIV.

On June 2nd,2005, **65 days later**,only due to Outside intervention, the Plaintiff recived a **PHYSICAL HEALTH RESTRICTION FORM** stateing on it that a **WHEELCHAIR VAN RESTRICTION** was Placed on his medical file whithout any warning or seeing a Doctor first besides on 3/29/05.The Plaintiff was told on **JUNE 8th,2005** that he would be taken to the **ESTELLE UNIT** by wheelchair van in wheelchair to see a Doctor, but the Plaintiff was never informed of who he was going to see. The Plaintiff was taken on the date of **JUNE 9th,2005** off J-Line at 9:00am and carried by Backboard to a wheelchair waiting on one row.

XLV.

Plaintiff was taken to the Estelle Unit by Wheel chair van and when he arrived he inquired who he was to see. At the Last moment while waiting in the wheelchair in a **PHYSICAL THERAY ROOM** at Estelle Unit on the second Floor,The Plaintiff heard the name **NAIK** becalled and remembered that such person who he **NEVER SAW back on 8/14/03 and who wrote that nothing was wrong at all**,was the Doctor he was going to see. Plaintiff had brought his **FREEWORLD** file to show need for surgery.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 25 of 32

XLVI.

When Plaintiff was approached by her,she IMMEDIATELY BECAME HOSTILE when Plaintiff presented his freeworld information showing that a surgery was requested and recommended three months before Plaintiff was convicted. Plaintiff informed her that he had **reinjured** his yet UNTREATED LOWER BACK,and that he was DISCHARGEE WITHOUT SEEING A DOCTOR on 8/12/03 or haveing considered test done while still unable to walk. **Dr. KOKILA NAIK** became argumentive and stated that such as Plaintiff was saying was not true, Plaintiff then stated well if such is not true,how did she write that nothing was wrong without evens seeing Plaintff back in 2003.

XLVII.

Dr. Kokila Naik started to ignore Plaintiff and then stated that she **WOULD NOT RECOMMEND SERGICAL EVALUATION** despite the information he showed her and showing such was recommended before injury occuring on 8/5/03 and that his obvious condition warrented such considereation. **DR. KOKILA NAIK** outright refused to talk to the Plaintiff anymore and walked away to a computer and started to place **ADVERSE INFORMATION** that would not support what she saw and also falsely added that the Plaintiff could stand and walk as was Planed,which was the whole set Purpose of the appointment.

XLVIII.

She also had a Physical therapist **Dr. HUGES** to render anything that she would falseify. Out of all the visits to CORRECTIONAL MEDICAL STAFF,this was the only one **NOT RECORDED** as the others were in course of evaluations where it was said that the Plaintiff would have any health restrictions implemented in his file concerning his immediate condition. The **CORRETIONAL MANAGE CARE STAFF DR. KOKILA NAIK DID THE DELIBERATELY NEGLECT TO SHCEDULE SERGICAL EVALUATION** after knowing such was warrented when Plaintiff infromed her of numerous injuries he sustained to his untreated backinjury.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 26 of 32

XLIX.

Plaintiff has continued to suffer because of CORRECTIONAL MANAGE CARE STAFF WHO HAD a spicific intent to cover-up any favorable information that would support any claims the Plaintiff made besided pain. There has been absolutly and positively **NO REEVALUATION BY SCIENTIFIC TEST BY M.R.I.,C.T. SCAN OR MYELOGRAM** which are rudimentary procedures in case such a Plaintiff. In all Plaintiff as beendocumented in his exsisting medical file by **CORRECTIONAL HEALTH CARE STAFF OF THE UTMB CORRETIONAL MANAGE CARE** Division,that he is **MALINGERING,FAKING AND THAT HE CAN WALK,**but have intentionally refused to support what they have said with **SCIENTIFIC PROOF.**

L.

All documentation in his current file or **any additions** have been yet strictly for the purpose of countering Plaintiff's claims only from a speculative basis that is **NOT STATED BY QUAILIFIED** Practitioner of a specifict type that **IS** definatly experianced in diagnosing the Plaintiff's condition. **CORRETIONAL MANAGE CARE STAFF** who have yet contributed to the **WATON INFLICTION OF PAIN** to Plaintiff.This is a clear case of **DELIBERATE INDIFFERNCE** showing that the defendants **CUSTOM PRACTICE OR POLICY** premotes Purposfully ignoreing or failing to reponed to serious medical needs that are obvious.

LI.

All such is basicly due to Plaintiff filing litigation and complaint on Medical staff of the CORRECTIONAL MANAGE CARE as well as U.T.M.B. in the course of this outragious ordeal. Correctional Manage care staff of knew a serious medical condition existed,but clasified such as not being serious to cover the facts of it's seriousness. They also knew that failure to treat the injury would result in further **significan injury** just as there asisting TDC in inflicting such type pain by **CLEARING PLAINTIFF MEDICALLY** so that **MAJOR FORCE COULD BE USED** in a sadictic manner to cause harm in **retaliation.**

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 27 of 32

LII.

Plaintiff asserts that it is a fact that **ANY REASONABLE DOCTOR OR PATIENT** no affiliated with CMC/UTMB,would find Plaintiff's obvious immediate condition worthy of comment and also treatment being that this current medical condition that still exsist significantly has effected the Plaintiff's Daily activities. Plaintiff has not left any cell he has been in being he is unable to walk of stand due to backinjury going untreated and sustaining reinjries at the hands of TDC staff condoned and assisted to be actated by **CORRECTIONAL MANAGE CARE STAFF.** This was done reguardless of Plaintiff's redundant type complaints of **CHRONIC** and **substiantial pain.**

LIII.

The defendants even failed to provide at least **TEMPORARY USE OF A WHEELCHAIR** until the Plaintiff's condition could be resolved by any **SCIENTIFC EVALUATIONS** that would rule out the possiblities alledged by the Plaintiff and prevent further injury. The acts by the Defendants were not **ACCCIDENTS** and were **PURPOSEFUL FAILURES to ACT.** The Defendants that are documneted who made such notations did such in a manner as to **PURPOSFULLY IGNORE** and fail to respond to Plaintiff's pain and possible need for sergury.

LIV.

The fact remaines that Individual defendants and the staff of the unit on Eastham affiliated with **CORRECTIONAL MANAGE CARE sat idly by as the Plaintiff was seriously injured and reinjured** over this period of time in which reinjuries occured after retalitory discharge from Hospital still injured,and the Defendants alloted with the duty to provide such adequate care,failed to do so and aslo **FAILED TO PREVENT INJURY is a strong or yet the strongest FACT** that devuldges **Callousness and the clear deliberate indifference** to the Plaintiff's medical needs. Thess acts were isolated occurances that militates Deliberate indiffernce.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 28 of 32

LV.

Plaintiff asserts the fact that his prior diagnosis of **MASSIVE HERN IATED NUCLEUS PULPOSUS IMPINING THE THECAL SAC OF POSTERIOR DISC PRO TRUSION** would be automatically recommended for sergury by any fair minded doctor with experiance of how such condition can worsen if not immediately treated. This is factual evidence that the said Defendants **PURPOSFULLY MISDOCUMENTED** Plaintiff's herniation as being mild,in order to protect It's Contractor **TDC-J-ID** from liability that would fall on both **CORRECTIONAL MANAGE CARE & TDC-J-ID .** The motive to not document accurate information is clearly seen over the period Plaintiff was subjected to MAJOR USE OF FORCE Purposfully.

LVI.

It is a clear fact that none of the Defendants will be able to yet identify **ANY REASON** whatsoever why the Plaintiff's **CT SCAN & SERGURY** WHERE NOT PREFORMED PROMPTLY after the need for such services was **UNAMBIGUOUSLY DIAGNOSED.** As a result,Plaintiff's serious medical con dition was left essentially **UNTREATED** and subjected calculatively to reijury from August 2003 to the present time of a full **two year period.** Thus,the record will clearly reveal that the customs and practices of the intire[**ENTITY OF CORRECTIONAL MANAGE CARE**] Promulagated by all staff throughout TDC system,is basicly to **asisit** TDC in avoiding any **INDEMNITY** in order to earn contract.

LVII.

**DR. GLENDA ADAMS,KOKILA NAIK,KRISTIN D. McCONNELL & ANDREW SCHINDER** were responsible for delays in treatment,a failure to promptly preform rudimentary **CT SCAN**,delay and denial in scheduleing **DIAGNOSTIC EXAMIN ATION**,and delay in **SERGURY**,clearly appear to be fault jointly of all the defendants as well as the **ENTIRE ENTITY OF CORRECTIONAL MANAGE CARE.** These as well as other other staff of the entity were also responsible **collectively** in contributing to theses **FLAGRANT ACTS** of deliberate In differnce. Filing of civil action or threats to was The **MOTIVATION.**

CONCLUSION

I.

Plaintiff concludes that the issues of FACT HEREIN as to whether a wheelchair,surgery,diagnostic evaluation,is the genuine issue of matirial fact as to the appropriateness of the medical attention the Plaintiff recived and defendants responses to Plaintiff's then and now redundant complaints of pian and known injury and reinjuries cause by delays and participation of calculated retaliations by proxy in joint efforts by defendants with TDC-J-ID will be allowed to proceed to be resolved by a Trial by Jury,being such is openly proclaiming the need for such.

II.

Plaintiff also asserts that the acts of defendants claerly show they purposfully ignored and failed to respond to Plaintiff's particular need of treatment for a obvious condition. Thus,that failure has yet caused the Plaintiff unneeded hardships and being placed into planned instances the defendants knew that could result in further significa nt injury as well as cause the UNNECESSARY WATON INFLICTION OF PAIN. Therefore, the Plaintiff need not prove that such was a complete type failure to treat,because the access to medical treatment and staff would prove to be meaningless because they did not render **COMPENTENT MEDICAL CARE.**

III.

Plaintiff concludes that **ANY** reasonable doctor would find that the Plaintiff's condition is worth of **SERGURY** and treatment. This is due to the fact that it will be concluded by the evidence,that the obvious condition **SIGNIFICANTLY EFECTED** The Plaintiff's daily activities of mobility impossible without assitance of a wheelchair caused by the exsistance of chronic and substaiantial pain caused by intentional neglect. Therefore,Plaintiff concludes that this is clearly a case of vintage deliberate indiffernce.

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 30 of 32

REQUEST FOR RELIEF

I.

Plaintiff first request Pursuant to Fed.R. Civil Pro. Rule# 38 & 39 and under the united states Constitution amendment 7,that the case submitted be immediatly scheduled for a **TRIAL BY JURY** as soon as it is possible to hear this case or the Plaintiff will continue ti yet suffer **IRREPARABLE HARM** to his rights under the constitution and most important to his **HEALTH.**

II.

Plaintiff request the amount in **COMPENSATORY DAMAGES** in the amount of $ 50,000,000.oo dollars upon verdict in favor of finding such of the violations plead herein ad to Defendants. Plaintiff also request the amount in **PUNITIVE DAMAGES** in the amount of $ 20,000.oo **Per each INDIVIDUAL DEFENDANT** found to have violated Plaintiff's right and the Plaintiff request the amount in **MONITARY DAMAGES** in the amount of $ 50,000,000.oo dollars for past,present and future damages then sustained as a result of findings of actual injury of Plaintiff. All totaling the **SUB TOTAL AMOUNT OF=$100,000,000.oo** excluding any type of **PUNITIVE DAMAGES.**

III.

Plaintiff request that the defendants be responsible for any reasona ble **ATTORENY'S FEES** as well as witness travel fees and independant examinations accured in the course of this suit.

IV.

Plaintiff lastly request **PERMENAT INJUNCTION** of **COURT ORDER** that the Defendants be mandated to implement a Policy concerning **QUAILITY OF CARE** and review board towards **PRISON HEALTH CARE IN TDC-J-ID.**

**WHEREFORE,**THE HONORABLE DISTRICT JUDGE OF THE UNITED STATES DISTRICT COURT FINDS PREMISE TO CONSIDER,PLAINTIFF,request the above relief be **GRANTED.**

Case 9:05-cv-00186-TH-JKG Document 1 Filed 09/08/2005 Page 31 of 32

CERTIFICATE OF SERVICE

I,THOMAS H. CLAY#1124123,Plaintiff prose,hereby certify that a true and Original copy and (1) copy of the forgoing CIVIL RIGHT COMPLAINT Pursuant to 42 U.S.C. § 1983 and Fed.R.Civ.Pro. Rule# 3,5,8,10.11, was sent to the UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRIC OF TEXAS Court Clerk,David miland at 104 NORTH THIRD STREET·Lufkin, Texas 75901 by full paid first class postage at the date signed below.

SIGNED THIS THE 1st DAY OF September IN THE YEAR OF 2005.

PLAINTIFF,PROSE
THOMAS H. CLAY#1124123

VERIFICATION

I,Thomas h. clay,hereby verify that the foregoing document is true and correct tot he best of my ability and knowledge and is subject to the penalty of perjury.(28 U.S.C. 1764)

SIGNED THIS THE 1st DYA OF September IN THE YEAR OF 2005.

THOMAS H. CLAY#1124123
EASTHAM UNIT(J-3-14-B)
P.O. BOX 16
LOVELADY,TEXAS 75851

CC:1983/CMC/UTMB/DEL.1,8,14Const./E.D.TEX.°

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SEP - 8 2005
DAVID J. MALAND, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

OFFICE OF THE CLERK

SEPTEMBER 1st,2005

TO:DAVID MILAND

211 W. FERGUSON ST.

TYLER TEXAS 75702

FILING OF CIVIL SUIT

Dear Clerk,

I would like to file this ORIGINAL TYPEWRITTEN 42 U.S.C. § 1983 CIVIL COMPLAINT AND (1) copy Please. My Informa Pauperis apli cation is accompanied with six month printout. Please send a notific ation that it has been recived and filed. I thank you for your assis tance in this matter.

RESPECTFULLY SUBMITTED.

Thomas H Clay 1124123

THOMAH H. CLAY#1124123

EASTHAM UNIT(J_3-14-B)

P.O. BOX 16

LOVELADY,TEXAS 75851

CC:FILING/42 USC§1983/ED.TEX.